NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-439

JONATHAN DANFORTH

vs.

ROBIN SMITH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On a complaint for modification filed by the father, Jonathan Danforth, against the mother, Robin Smith, a Probate and Family Court judge issued a judgment that made no change to the father's weekly child support obligation but calculated that the father had a substantial credit for prior overpayment.[1] On cross appeals, the father challenges the judge's failure to reduce his weekly child support obligation and both parties

---

[1] Although the judge did not change the overall weekly child support obligation, the judge did substantially reduce the father's weekly payments to account for social security dependency benefits being received by the mother for the child's support. See Rosenberg v. Merida, 428 Mass. 182, 188 (1998). The judgment also reduced the father's obligation to maintain life insurance on behalf of the child, but neither party challenges this provision of the judgment.

challenge the judge's calculation of the credit. Concluding that the judge was well justified in finding that the father failed to show a change in circumstances requiring a reduction in his child support obligation and that neither party has demonstrated clear error in the judge's calculation of the credit, we affirm.

1. Modification of the father's weekly child support obligation. "To be successful in an action to modify a judgment for alimony or child support, the petitioner must demonstrate a material change of circumstances since the entry of the earlier judgment." Pierce v. Pierce, 455 Mass. 286, 293 (2009), quoting Schuler v. Schuler, 382 Mass. 366, 368 (1981). "[T]he central inquiry in a case involving modification of both child support and alimony is whether, and to what extent, the parties' financial circumstances have changed since the entry of the prior judgment." Dolan v. Dolan, 99 Mass. App. Ct. 284, 290 (2021), quoting Emery v. Sturtevant, 91 Mass. App. Ct. 502, 508 (2017). "In the case of an order of child support governed by the Child Support Guidelines, 'orders of maintenance and for support of minor children shall be modified if there is an inconsistency between the amount of the existing order and the amount that would result from application of the child support

2

guidelines.'" <u>Feinstein</u> v. <u>Feinstein</u>, 95 Mass. App. Ct. 230, 234 (2019), quoting G. L. c. 208, § 28.

Here, as the judge found, the father failed to demonstrate any material change in circumstances. A different judge in 2019 discredited the father's statements that he had no income at all and found that he had income of $3,799 per week. The father testified at the instant trial, consistent with his latest financial statement, that he had weekly income of $756.50 from social security and $250 from his wife and no other income. He testified that he had nothing to do with Meeting House Development LLC and had never been a manager of it. The judge explicitly did not credit this testimony, as the father was currently proclaiming himself to be the managing director of Meeting House Development LLC on social media. "In a bench trial credibility is 'quintessentially the domain of the trial judge [so that his] assessment is close to immune from reversal on appeal except on the most compelling of showings.'" <u>Prenaveau</u> v. <u>Prenaveau</u>, 81 Mass. App. Ct. 479, 496 (2012), quoting <u>Johnston</u> v. <u>Johnston</u>, 38 Mass. App. Ct. 531, 536 (1995). The judge's disbelief of the father's testimony is well supported by the evidence at trial.

The father argues that there was no affirmative evidence that he was still earning $3,799 per week. He also suggests

that the judge should have disbelieved the mother's testimony that her investment earnings were only $90 per year.  Both of these arguments miss the mark.  It was the father's burden on his complaint for modification to demonstrate the existence of "a material change of circumstances since the entry of the earlier judgment."  Pierce, 455 Mass. at 293, quoting Schuler, 382 Mass. at 368.  It was not the mother's burden to demonstrate the absence of a material change.  In the absence of any credible evidence that the father's income had decreased (or that the mother's income had increased), there was no basis for the judge to grant the request for modification.

As stated, a demonstration that the current child support order is inconsistent with the Child Support Guidelines would independently entitle the father to a modification.  See Feinstein, 95 Mass. App. Ct. at 234.  The father, however, also failed to demonstrate that.  The guideline calculation he provided to the judge was based on the father's false report of his income, which the judge rejected.  So far as we can tell, a guideline calculation based on the father's income of $3,799 per week yields a higher number than the current child support order.

2.  Credit calculation.  The Child Support Guidelines require that social security dependency benefits received for

the support of the child be credited towards the noncustodial parent's child support obligation. See Child Support Guidelines § I.A n.1 (2023). On January 1, 2023, the mother received $17,937 of such social security dependency benefits for the child attributable to the father's social security. Starting on February 3, 2023, the mother received $1,613 per month in such benefits. Such benefits presumably ended in May 2024, when the child turned eighteen.

On May 26, 2023, the judge reduced the father's weekly payments to $284 per week going forward to reflect the social security benefits. In the modification judgment, the judge credited the father for the $17,937 payment plus two $1,750 payments taken by the Department of Revenue (department) in May and June 2023, presumably from the father's social security benefits.

To the extent that the mother challenges crediting the social security benefits received towards the father's child support obligations, the Supreme Judicial Court has held "[t]he noncustodial parent is . . . allowed a credit equal to the amount of the [Social Security Disability Income] dependency benefits." Rosenberg v. Merida, 428 Mass. 182, 188 (1998). Accordingly, the judge properly gave the father a credit for the

social security benefits received, including the January 2023 lump payment.

Both parties appear to argue that the amount of the credit is wrong. "The burden is on the appellant to show that a finding is clearly erroneous." Pointer v. Castellani, 455 Mass. 537, 539 (2009), quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997), S.C., 428 Mass. 543 (1998), and S.C., 432 Mass. 43 (2000). Neither party has met this burden.

The father argues that the credit should be increased by $7,778 to reflect the difference between the $659 per week he was paying from January through May 2023 and the $284 he should have been paying once the social security benefits started. This argument, however, is premised on the father's assertion that "[t]here was no dispute that the father had been paying $659 per week until the reduction by the May, 2023 order." That assertion is not supported by the record on appeal, as the payment records submitted by the father show that he had not been doing so.

The mother, for her part, argues that there was "a minimal remaining support arrearage due from Appellant of $439.00." Even if the department's accounting reflected such an arrearage, the department's documents show no indication that they reflect any of the social security dependency benefits. Moreover,

6

although the mother stated in her opening statement at trial that "[t]he DOR this morning lists arrearages in $439," she produced no evidence of that at trial, at least so far as the record before us reflects. To the contrary, the department accounting for November 3, 2023, entered in evidence showed no arrears.

There is simply no way from the evidence presented to us to determine what the father's arrears were either when the judge zeroed them out on May 26, 2023 [R 1:130], or at the time of trial. See Poras v. Pauling, 70 Mass. App. Ct. 535, 536-537 (2007) (judge may fix amount of arrears). Accordingly, we cannot determine whether the social security payments from February through May 2023 were applied to the father's arrears or instead should have resulted in an increased higher credit, nor can we determine whether there were additional arrears that should have reduced the credit.

Furthermore, trial exhibit four is mysteriously absent from the record appendix. Perhaps it would shed some light on the matter (and perhaps not), but "it is an appellant's duty to produce an appendix containing all portions of the record relevant to the issues raised on appeal." Lodigiani v. Paré, 103 Mass. App. Ct. 140, 141 n.3 (2023). On the record provided

to us, neither party has demonstrated the judge's calculation of the father's credit was clearly erroneous.

> Modification judgment entered on January 9, 2024, affirmed.
>
> By the Court (Neyman, Ditkoff & Wood, JJ.[2]),

*Paul Little*

Clerk

Entered:  March 25, 2025.

---

[2] The panelists are listed in order of seniority.